# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

HAROLD BUFFINGTON,            )
                              )
            Plaintiff,        )
                              )
VS.                           )        Case No. CIV-14-78-FHS
                              )
ARCH INSURANCE COMPANY, a     )
Foreign Corporation; and      )
GALLAGHER BASSETT SERVICES,   )
INC., a Foreign Corporation.  )

## OPINION AND ORDER

This matter comes before the Court on the Defendants' Motion for Summary Judgment (Dkt. # 38). Plaintiff filed a response on October 20, 2014 (Dkt. # 56). Defendants' filed their reply on November 3, 2014 (Dkt. # 64). Plaintiff filed a sur-reply on November 17, 2014 (Dkt. # 74) in which he "incorporates" by reference his Motion for Partial Summary Judgment (Dkt. # 63) which is also before the Court. Defendants filed a response to Plaintiff's motion on November 10, 2014 (Dkt. # 67) and Plaintiff filed a reply on November 14, 2014 (Dkt. # 73).

## STATEMENT OF UNDISPUTED FACTS

1. On February 28, 2011, Arch Insurance Company sold a commercial insurance policy to B & B. This policy was in effect on July 30, 2011.

2. On July 30, 2011, Plaintiff was employed as a commercial tractor-trailer truck driver for B & B Gas Well Services, LLC ("B & B") and was involved in a single vehicle accident while driving a B & B truck.

3. According to witnesses at the scene, Plaintiff made a left turn "by going the wrong way through the merge lane" while traveling at a high rate of speed, at which point Plaintiff lost control of the truck causing the truck to roll over and come "to rest on the driver's side." *See*, Dkt. # 38-2.

4. Plaintiff did not submit a written claim or demand to Arch Insurance Company but, in September of 2011, he submitted a claim with B & B's workers compensation insurer for medical and disability benefits. Additionally, on September 6, 2011, Plaintiff's counsel sent an email to "Gallagher & Bassett Attn: Brenda Bass" advising Defendants "of his intent to pursue a claim for UM benefits under the applicable policy." Dkt. # 7-3, p. 4 at ¶ 11.

5. On February 3, 2012, Brenda Bass's employment with Gallagher Bassett ended.

6. On or around October 18, 2013, Plaintiff submitted a UM Demand by sending an email to Brenda Bass at the email address utilized approximately two years earlier. Plaintiff did nothing to verify the email address prior to sending his demand and he never followed up thereafter to ensure that the Defendants had, in fact, received his demand.

7. Gallagher Bassett Services, Inc. is the claims administrator for Arch Insurance Company.

## LEGAL ANALYSIS

Summary judgment is appropriate where there is no dispute of material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56. When presented with a summary judgment motion, this Court must determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When evaluating a motion for summary judgment, this Court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). The party opposing summary judgment, however, "may not rest upon mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

Plaintiff has sued both Arch Insurance Company and Gallagher Bassett Services, Inc. for breach of contract, bad faith and negligence. Plaintiff claims coverage under the uninsured motorist policy issued to B & B, his employer at the time of the accident,

for the alleged negligent acts of his employer in maintaining the brakes on the truck he was driving in the course of his employment.

Defendants seek summary judgment under three theories. First, Defendants claim Plaintiff has failed to show that Defendant Arch is in breach of its contract because 1) Arch did not receive Defendants UM demand until served with the petition herein; 2) Arch'S investigation of Plaintiff's claim is ongoing; and 3) Plaintiff has failed to show he is entitled to coverage. Additionally, Defendant Gallagher Bassett argues they were not a party to the insurance contract and, therefore, they are not a proper party to this lawsuit. Plaintiff responds by claiming 1) he is "legally entitled to recover" under the uninsured motorist policy; 2) the evidence establishes a breach of Defendants' duty of good faith and fair dealing in the handling of Plaintiff's UM claim; and 3) the contract between Arch and Gallagher Bassett was made for the benefit of Plaintiff, thus precluding dismissal of Gallagher Bassett at this time. In their reply, Defendants concede Plaintiff's submission of an affidavit of Donald Byrd creates a question of fact as to whether the condition of the brakes on the truck driven by Plaintiff was a contributing factor to his accident and whether any negligence of B & B was the proximate cause of any problem with the brakes. Defendants, however, still maintain Plaintiff has failed to present any material facts which would warrant a finding that their refusal to pay the claim pending

4

completion of the investigation was unreasonable.  Plaintiff has filed a sur-reply claiming Defendants denied the claim for an improper reason and therefore, bad faith has been shown.

Plaintiff, in his motion for partial summary judgment, claims he is entitled to summary judgment as a matter of law on all of his claims.  Defendants dispute this for the same reasons asserted in their motion for summary judgment.

Based upon the record herein, this Court denies both parties' motions and finds there are questions of fact which must be determined by a jury.  First, there is question of fact as to whether the Defendants received Plaintiff's claim which was emailed to the last known email address of a person who had not worked for Defendant Gallagher Bassett for more than eighteen months prior thereto.  Second, if a jury finds the claim was, in fact, received by the Defendant, there is a question of fact as to whether Defendants investigation was reasonable under the circumstances of this particular case.  Accordingly, the Defendants' motion for summary judgment (Dkt. # 38) is **denied** and the Plaintiff's motion for partial summary judgment (Dkt. # 63) is **denied**.

## Conclusion

For the reasons stated herein, this Court **denies** the Defendants' Motion for Summary Judgment (Dkt. #38) and **denies** the Plaintiff's Motion for Partial Summary Judgment (Dkt. # 63).

5

It is so ordered on this 20th day of November, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma